IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICK ALMANZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3739 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Nick Almanza, defaulted on his mortgage loan and sued in state court to stop the lender, the Bank of America ("BANA"), from foreclosing. Almanza also alleged a right to recover damages. BANA timely removed on the basis of diversity jurisdiction. BANA complied with court orders to provide Almanza with the loan file and other information. BANA has moved for summary judgment. (Docket Entry No. 18). No response has been filed. The motion is granted, and final judgment is entered by separate order. The reasons are set out below.

**I.      Background**

Almanza purchased the residential property with a mortgage from BANA, executing a Promissory Note secured by a Deed of Trust. (Docket Entry No. 19, Ex. A-1). Almanza also purchased a buyer's protection plan ("BPP"). (*Id.*, Ex. A-2). The plan covered Almanza's mortgage payments if certain events occurred, including unemployment. In early 2009, Almanza made a claim for benefits under the BPP. He qualified for, and received, benefits from March 14, 2009 through November 31, 2009. (*Id.*, Exs. A-3, A-4, A-5). The checks for the benefits from June through November were sent directly to Almanza. The BPP required Almanza was to use the money to pay his mortgage. He did not.

BANA foreclosed on April 6, 2010. (*Id.*, Ex. A-6). Almanza alleged that additional benefits were due under the BPP, and the 2010 foreclosure was rescinded in September 2010 to permit further investigation. BANA learned that Almanza had returned to work in December 2009 and was not due to receive additional BPP benefits. (*Id.*, Ex. A ¶ 20). Almanza did not make his December 2009 payment and has made no payments since 2009.

In 2010, Almanza's home suffered storm damage in the amount of $15,503.79. (*Id.*, Ex. A-8). The insurance company sent BANA a check for the proceeds in that amount. BANA applied the payment to Almanza's loan, reflected in 11 payments of $1,347.40 and one payment of $484.39 (totaling $15,503.79), credited to Almanza's account on January 7, 2011. (*Id.*, Ex. A-4). These payments did not cover the arrearage. As of March 3, 2014, Almanza's mortgage account was 48 months in arrears.

In 2013, BANA attempted to foreclose on the property. (*Id.*, Ex. A-9). Almanza sued in state court to stop the foreclosure and to recover damages for the 2010 and 2013 foreclosures. Almanza alleged that BANA misapplied the BPP benefits and the insurance proceeds; wrongfully foreclosed in 2010, and failed to send required notices in 2013. The petition asserted three causes of action: (1) accounting and redemption; (2) breach of contract; and (3) wrongful foreclosure.

After removal and the exchange of documents and information, including the production to Almanza of BANA's loan file and the payment history, BANA moved for summary judgment as to all claims.

## II.    The Legal Standard for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the

burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**III.   Analysis**

    **A.   Accounting and Redemption**

Almanza alleged that he is entitled to an accounting and a redemption.  Each is considered below.

        **1.   Accounting**

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in compliance with another cause of action."  *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 738 (E.D. Tex. 2011) (citations omitted).

An accounting as a separate cause of action in equity is proper "when the facts and accounts in issue are so complex that adequate relief cannot be obtained by law."  *Id*.  "[W]hen a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories" a court-ordered accounting is not warranted.  *Id*. at 738.  Almanza alleges that "there is a dispute over what funds have been paid."  (Pl.'s Am. Compl. ¶ 16).  BANA produced its loan file to Almanza, including the payment history and documents showing the reinstatement amount.  Almanza had the information needed to understand the accounting on his loan.  He did not identify any specific questions that the documents could not help resolve.  BANA also made a representative available to Almanza to explain the accounting for his loan, and the parties conferred on these issues.  Given these resources, the issues were not so complex as to justify court-ordered accounting.

Accounting as a remedy is at best premature.  *See Watson*, 814 F. Supp. 2d at 738.  ("Only if this case goes to trial and it is determined that the Plaintiffs are owed damages would the issue of

accounting as a remedy arise."). BANA's motion for summary judgment on the accounting claim is granted.

### 2. Redemption

A redemption is "[a] debtor's right to repurchase property from a buyer who obtained the property at a forced sale." *Black's Law Dictionary* 1304 (8th ed. 2004). The 2010 foreclosure was rescinded; any redemption issue is moot. The 2013 foreclosure has yet to occur; any redemption claim is not ripe. Even if the property had been sold, Texas recognizes a right of redemption only in limited circumstances, none of which applies here. *See, e.g.*, TEX. CONST. art. VIII, § 13(c) (granting the right of redemption if a property is foreclosed on for unpaid taxes); TEX. PROP. CODE ANN. § 209.011 (granting the right of redemption when a property is foreclosed on by a homeowners' association); TEX. PROP. CODE ANN. § 82.113 (granting right of redemption if property is foreclosed on by a condominium association). Almanza's complaint that he was not given an opportunity to cure the default is not a claim for redemption. *See, e.g.*, TEX. PROP. CODE ANN. § 51.002(d) (requiring a 20 day cure period).

BANA's motion for summary judgment on the redemption claim is granted.

### B.    Breach of Contract

Almanza alleges that BANA breached the contract in six different ways. (Pl.'s Am. Compl. ¶¶ 17-22). Almanza alleges that "BoA had several obligations under both federal and state laws including the responsibility to notify Plaintiff prior to declaring the contract void and the requirement to seek to cure any breach of the contact." (Pl.'s Am. Compl. ¶ 17). Almanza does not specify the obligations allegedly breached. Allowing that BANA failed to comply with its

"obligations under both federal and state law" does not meet the pleading standard. *See* FED. R. CIV. P. 8(a).

To the extent Almanza alleges a violation of § 52.002 of the Texas Property Code, which requires certain notices before a nonjudicial foreclosure, BANA is entitled to summary judgment. The Rescission Deed, which Almanza signed and was notarized, specifically states that "*in compliance with* the provisions set out in § 51.002 of the Texas Property Code, the above property was posted for foreclosure sale . . . ." (Docket Entry No. 19, Ex. A-7) (emphasis added). The Rescission Deed states that "all acts conducted with regard to the foreclosure sale of April 6, 2010 are hereby rescinded." (*Id*.). These sworn statements foreclose any claim that BANA failed to comply with the Property Code in conducting the 2010 foreclosure. And BANA submitted uncontroverted evidence that it sent the required notices before the 2013 foreclosure. (*See* Ex. A-8). Texas law and the Deed of Trust required BANA to send a notice of default, notice of acceleration, and notice of foreclosure. *See, e.g.*, *Odgen v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982); TEX. PROP. CODE ANN. § 52.002(d); (*see also* Ex. A-1). BANA sent Almanza the following notices: (1) notice of default on December 15, 2011 (*Id*., Ex. A-10); (2) notice of acceleration on September 18, 2013 (*id*., Ex. A-11); and (3) notice of sale on September 18, 2013. (*Id*.). The Notice of Substitute Trustee's Sale was also properly recorded. (*See* Ex. A-12). There is no material factual dispute as to whether Almanza was sent all the required notices.

In paragraphs 18 and 19 of his amended complaint, Almanza alleges that BANA wrongfully foreclosed in 2010 and wrongfully evicted him. There is no genuine factual dispute as to whether the account was delinquent. Almanza has not paid since December 2009. (*Id*., Ex. A-4). He failed to use the $4,564.08 in BPP benefits that he received to pay his mortgage. (*Id*., Ex. A-5). Almanza,

6

not BANA, was in default and in breach of the contract. BANA's foreclosure exercised its contract rights under the Deed of Trust. Neither the foreclosure nor the eviction was wrongful, as Almanza alleges.

Almanza's allegation that BANA "wrongfully intercept[ed] funds," (Pl's Am. Compl. ¶ 20), refers to BANA's application of insurance proceeds directly to the account instead of turning them over to Almanza. The Deed of Trust allowed BANA to apply the funds as it did. (*Id.*, Ex. A-1 ¶ 4). The Deed of Trust states:

> All or part of the insurance proceeds may be applied by Lender, at its option to (a) reduction of the indebtedness . . . first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damage Property.

(*Id.*). The payment history shows that BANA applied the insurance proceeds to Almanza's mortgage account, crediting $15,503.79 on January 7, 2011. (*Id.*) (*see also* Ex. A at ¶ 22). There is no material factual dispute as to whether BANA's actions related to the insurance funds were proper.

Almanza's allegation that "BANA fail[ed] and/or refus[ed] to cure any issues that Plaintiff had concerning complaints of the Defendant's servicing of the mortgage loan," (Pl's Am. Compl. ¶ 21), neither states a claim nor precludes summary judgment. Almanza does not identify the law or contract requirement that BANA failed to follow. BANA's summary judgment evidence shows that it complied with its obligations.

Almanza alleges that by "negligently and/or intentionally seeking the wrongful foreclosure of his residence in 2013, Defendant breached its contractual obligations." (Pl's Am. Compl. ¶ 22). BANA has submitted evidence, which is undisputed, that Almanza's account was delinquent,

entitling BANA to foreclose; that BANA sent required notices before foreclosing; and that the property has yet to be foreclosed on, foreclosing the claim.

BANA is entitled to summary judgment on the breach of contract claim.

### B. Wrongful Foreclosure

The elements of wrongful foreclosure are: "(1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a casual connection between the defect and the grossly inadequate selling price." *Anderson v. J.P. Morgan Chase*, No. H-13-1448, 2013 WL 6524630, at *6 (S.D. Tex. Dec. 11, 2013). Case law requires a borrower to elect between damages or rescission of the foreclosure. *See Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620 (Tex. App.–Houston [14 Dist.] 1988, writ denied).

Almanza cannot pursue a wrongful foreclosure claim related to the 2013 foreclosure that did not occur. *See Anderson*, 2013 WL 6524630 at *6 ("Given the absence of a foreclosure sale, and the fact that Texas law does not recognize a cause of action for attempted wrongful foreclosure, the [Plaintiffs] have not and cannot state a claim for wrongful foreclosure.").

As for the 2010 rescinded foreclosure, Almanza has failed to plead how the 2010 foreclosure was defective, how the selling price was inadequate, or how he was damaged. BANA is entitled to summary judgment on the wrongful foreclosure claim.

### IV. Conclusion

BANA's motion for summary judgment, (Docket Entry No. 19), is granted. Almanza's claims are dismissed, with prejudice. Final judgment is separately entered.

SIGNED on September 24, 2014, at Houston, Texas.

Lee H. Rosenthal

8

_____
Lee H. Rosenthal
United States District Judge